UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| L.W. Benjamin, | ) | C/A No. 0:07-2696-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| State of South Carolina 16th Circuit Court | ) | |
| of Common Pleas; | ) | |
| Judge John C. Hayes, III; and | ) | |
| Judge Paul E. Short Jr., | ) | |
| | ) | |
| Defendants. | ) | |

## Introduction

The *pro se* plaintiff, L.W. Benjamin, filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. Specifically, he alleges that his Seventh Amendment right to a jury trial was denied in a South Carolina state court civil action filed in 2002. He alleges that he demanded a jury trial in his state court 2002 action which related to a dispute about money from the sale of real property, but that defendant Short, a state court judge, decided the case non-jury by issuing an Order to dismiss the case on December 22, 2003. The plaintiff seeks $375,000.00, and he seeks to proceed *in forma pauperis*. The complaint should be dismissed because all defendants have immunity from suit, and the plaintiff's motion to proceed *in forma pauperis* should be denied because this action is frivolous.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir.

1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

I. Civil Rights Complaint.

The plaintiff's first named defendant is the "State of South Carolina 16th Circuit Court of Common Pleas;" however, this defendant is immune from suit in the United States District Court under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst State Sch. & Hosp.*, a state must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* South

3

Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). It is clear that the State of South Carolina 16th Circuit Court of Common Pleas is an integral part of the State of South Carolina and nothing more than an arm of the state. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."). Therefore, the defendant State of South Carolina 16th Circuit Court of Common Pleas should be dismissed based upon Eleventh Amendment immunity.

This same defendant "State of South Carolina 16th Circuit Court of Common Pleas" should also be dismissed because it is not a "person" subject to suit in a § 1983 civil rights action. In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant

in a section 1983 action must qualify as a "person." The State of South Carolina 16th Circuit Court of Common Pleas is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

The complaint against defendants Hayes and Short is subject to dismissal under 28 U.S.C. § 1915A(b)(ii) and § 1915(e)(2)(B)(iii). Judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The defendants Hayes and Short are South Carolina judges who were acting within their judicial capacity during the alleged wrong-doings. Those defendants are entitled to summary dismissal based upon absolute immunity.

II. Motion to Proceed *In Forma Pauperis*.

Plaintiff has applied to proceed *in forma pauperis*, but his request should be denied. The denial of *in forma pauperis* status removes the privilege of filing a case without paying the filing

fee. The denial also shifts the responsibility for service of process back to the filing party, as the Court will not effect service of process pursuant to 28 U.S.C. § 1915(d).[1]

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. In *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915. *Graham v. Riddle*, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." *Kinney v. Plymouth Rock Squab Co.,* 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915).

*See also Liles v. South Carolina Dept. of Corr.*, 414 F.2d 612, 613 (4th Cir 1969); *U. S. v. Gregg*, 393 F.2d 722, 723 (4th Cir.1968). Under *Graham v. Riddle*, "included within the district court's discretion is the authority to deny cost-free filing when a petition is frivolous." *Graham*, 554 F.2d at 134. The complaint in this case presents legally deficient claims; therefore, it is frivolous. The State of South Carolina and two state court judges acting in their judicial capacities cannot be sued in this Court, and the State of South Carolina 16th Circuit Court of Common Pleas is not a "person" subject to suit under § 1983. Moreover, plaintiff has filed several prior cases in this Court involving the underlying incident of the sale of plaintiff's real property and related state court cases.[2] *See Benjamin v. Bolt*, C/A No. 3:99-62-DWS-JRM; *Benjamin v. First Union National Bank of SC*, C/A No. 0:01-0464-DWS-JRM; *Benjamin v. County of York*, C/A No. 0:01-473-DWS-JRM; *Benjamin*

---

[1] In this frivolous case, summonses will not be issued unless service is ordered by the District Court Judge.

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Aloe Creme Lab. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949).

6

*v. York*, C/A No. 0:04-1158-JFA-JRM; *Benjamin v. Brice*, C/A No. 0:07-641-JFA-JRM; and *Benjamin v. Brice*, C/A No. 0:07-1054-JFA-JRM.  Plaintiff has been given notice in prior cases of this Court's limited jurisdiction and the necessity to present claims capable of being addressed by this federal court.  Plaintiff, however, filed another frivolous complaint to pursue related issues in his attempt to receive money from the sale of his real property.  Plaintiff continues to inappropriately use judicial resources on this subject, and he should be required to pay the filing fee in this action rather than be allowed to file another frivolous action with no consequences.  Therefore, it is recommended that the plaintiff's motion to proceed *in forma pauperis* be denied.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  It is further recommended that plaintiff's motion for leave to proceed *in forma pauperis* be **denied**.

**Plaintiff's attention is directed to the notice on the following page.**

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 17, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).